981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
William BRYANT, a/k/a Billy Bryant, Defendant-Appellant.
 No. 92-5288.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 23, 1992
Decided: December 15, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca B. Smith, District Judge. (CR-91-72-NN)
 Leon R. Sarfan, Sarfan & Nachman, Newport News, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Mary Ann Snow, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Following a jury trial, William Bryant was convicted on two counts of giving false information in the acquisition of firearms in violation of 18 U.S.C.A. § 924(a)(1)(A) (West 1985 and Supp. 1992). Bryant appeals his convictions, contending that the district court erred by failing to require the Government to prove, and to give a corresponding jury instruction, that Bryant was a New York citizen at the time of the offenses in order to establish a § 924(a)(1)(A) violation. We find that Bryant's claims are without merit; consequently, we affirm.
 
 
 2
 Section 924(a)(1)(A) makes it unlawful for anyone to"knowingly make[ ] any false statement or representation with respect to the information required ... to be kept in the records of a [federally licensed firearms dealer]." A firearms purchaser must complete a federal firearms purchase form on which he must provide particular information including his residence address. 18 U.S.C.A. §§ 922(b)(5) & 923(g)(1) (West 1985 & Supp. 1992); 27 C.F.R. §§ 178.1 & 178.124 (1988). Bryant concedes that the Government proved that he falsely listed a Richmond, Virginia, address as his residence address on the firearms purchase forms. However, he argues on appeal that the district court should have required the Government to prove that he was a resident of New York on or about March 23, 1991, as an element of the offenses because the indictment stated that he was a resident of New York at that time.
 
 
 3
 An indictment must notify a defendant of the charges against him, so that he can prepare a defense. United States v. Fogel, 901 F.2d 23, 25 (4th Cir.), cert. denied, 59 U.S.L.W. 3325 (U.S. 1990). Bryant's indictment stated that he violated § 924(a)(1)(A) in that he made a material false statement to a federally licensed firearms dealer. The indictment then stated the facts of the violation: Bryant bought firearms from federal firearms licensee, Winfree's Firearms, and stated on the firearms purchase forms that he was a resident of an address in Richmond, Virginia, when in fact he was a resident of New York. Bryant claims that failure to require the Government to prove that he was a resident of New York and failure to instruct the jury concerning this element of proof violated his Fifth Amendment right to be tried only for offenses on the indictment.
 
 
 4
 Essentially, Bryant claims that his conviction should be vacated because the Government's proof was in material variance with the charges in the indictment. A variance that does not modify the elements of a crime charged does not invalidate the conviction unless it prejudices the defendant. United States v. Odom, 736 F.2d 104, 118 (4th Cir. 1984). See also Fed. R. Crim. P. 52(a) ("variance which does not affect substantial rights shall be disregarded"). It is undisputed that the Government proved the essential elements of a § 924(a)(1)(A) violation. Bryant merely claims that the Government should have been required to prove that he was a resident of New York because the indictment so stated. Therefore, Bryant's conviction must stand unless the failure to require proof that he was a New York resident prejudiced him.
 
 
 5
 Prejudicial variance occurs when "(1) [t]he indictment does not fairly appraise (sic) the defendant as to the charges, or (2) the defendant is not protected from subsequent prosecutions for the same crime." United States v. Schnabel, 939 F.2d 197, 203 (4th Cir. 1991); United States v. DeBrouse, 652 F.2d 383, 389 (4th Cir. 1981) (quoting Berger v. United States, 295 U.S. 78, 82 (1935)). Bryant does not contend that the indictment failed to protect him against double jeopardy. Instead, he argues that the indictment did not fairly apprise him of the charges because in describing his conduct which violated 18 U.S.C.A. § 924(a)(1)(A), the indictment stated that he listed a false Virginia address on the firearms purchase forms when in fact he was a New York resident. However, this portion of the indictment was mere surplusage and could be disregarded. United States v. Miller, 471 U.S. 130, 136 (1985).
 
 
 6
 Requiring the Government to prove that Bryant was a New York resident was unnecessary because it was irrelevant to the offense; the Government merely had to prove that the address Bryant provided was false. Bryant's counsel argued at trial that Bryant was prejudiced because the Government had "all these witnesses coming down from New York," which led counsel to believe that Bryant's actual residency was an essential element of proof. However, by reviewing the plain language of § 924(a)(1)(A), counsel easily could have determined that Bryant's actual place of residence was unimportant and that the Government needed only to show that Bryant listed a false address on the purchase forms in order to obtain a conviction.
 
 
 7
 Finally, because proof that Bryant was a New York resident was not necessary to convict him of violating § 924(a)(1)(A), the district court did not err by failing to include this element of proof in the jury instructions. See United States v. Polowichak, 783 F.2d 410, 418 (4th Cir. 1986) (finding proper instructions to jury to disregard allegations in indictment that were not elements of offense).
 
 
 8
 Therefore, we affirm Bryant's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED